**William SCHULER, Petitioner,**

v.

**James E. SULLIVAN, Superintendent of Sing Sing Correctional Facility, Respondent.**

No. 84 Civ. 7018 (SWK).

United States District Court, S.D. New York.

Sept. 25, 1986.

William Schuler, pro se.

Mario Merola, Dist. Atty., County of Bronx, New York City, by Peter D. Cod-

dington, Peter S. Baronowicz, for respondent.

KRAM, District Judge.

William Schuler petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks relief from his conviction by a jury of criminal conspiracy and two counts of possession of a weapon. As a second violent felony offender Schuler was sentenced, on January 12, 1982 to two concurrent terms of from five to ten years for weapon possession, and from two to four years for conspiracy to commit a robbery. He is currently incarcerated pursuant to his state conviction.

Petitioner's conviction was affirmed by the New York Appellate Division, First Department, on June 28, 1984. After he was denied leave to appeal to the New York Court of Appeals, Schuler petitioned this Court for habeas relief, asserting all but one of the claims he had set forth in his state appeal.[1] First, petitioner contends that police lacked probable cause to arrest him, and that therefore the identification of Schuler by the complainant at the scene of the arrest should have been suppressed as tainted by the improper arrest. Second, he claims that his sentence exceeded the statutory minimum in violation of his right to due process. This Court finds no merit in petitioner's claims. For reasons cited below, Schuler's petition is dismissed and the writ of habeas corpus is denied.

FACTS

Petitioner was arrested on November 17, 1980 as he and co-defendant Frank Giampetruzzi emerged from a car parked at Kingsbridge Road and Jerome Avenue in The Bronx. Giampetruzzi had previously been identified from a photo array by the driver of a cigarette vending machine truck as one of two men who had robbed his truck on September 2, 1980. At the time of petitioner's arrest, no attempt had been made by police to identify Giampetruzzi's

---

1. Petitioner argued on appeal that the trial court also erred in ruling that the physical evidence recovered at the scene of his arrest was admissi-ble at trial. He does not, however, raise this claim in his habeas petition.

black accomplice in the September 1980 robbery. The driver also claimed that Giampetruzzi had robbed his truck twice in 1969, but Giampetruzzi was never charged with those crimes.

Based on the truck driver's identification of Giampetruzzi, and his reports to police that he had observed Giampetruzzi and a black man following him several times during his deliveries after the September robbery, police decided to follow the driver as he made deliveries on November 17, 1980. After the driver had parked his truck and gone inside a store to service a cigarette machine, police observed Giampetruzzi, who was wearing a gun at his waistband, walk twice past the truck and look inside. At one point he turned and nodded in the direction in which petitioner was sitting in a car. Police observed petitioner in the car, cutting a piece of rope with a knife. The hands of the vending truck driver had been bound by a piece of rope by the men who had robbed him in September.

Giampetruzzi joined petitioner in the parked car. As the driver approached his truck, both men began to get out of their car. At that point, police pulled in front of the car, blocking it. A police officer called "Police, don't move." One police officer saw that petitioner was holding a gun pointed toward the sidewalk.

As petitioner and Giampetruzzi were apprehended by police, the driver approached the scene where Giampetruzzi and petitioner were handcuffed, and volunteered that they were the men who had robbed him in September and had subsequently followed him. At that time, police asked the driver to wait inside a store, from which the driver was able to view both of the arrested men through a window.

In a search incident to arrest, police recovered guns from both men. They also found memo books listing quantities of cigarettes and various Bronx locations. In the car police found Yellow Pages listings of cigarette and vending companies, a nylon stocking, surgical tape, black leather gloves and the rope.

At an omnibus suppression hearing defendants' counsel sought suppression of the driver's identification of petitioner and Giampetruzzi at the arrest scene, as well as a statement by the owner of the holdup car (who had lent the car to Giampetruzzi without knowledge of the planned robbery) that he had seen the defendants together prior to the day of the robbery attempt. Defendants' counsel also argued that the gun and papers found on both men and the physical evidence in the car should be suppressed, all on the ground that police lacked probable cause for the arrest. Finally, defendants' counsel argued that the identification of the defendants by the driver at the scene had been a "show-up" and was unconstitutionally suggestive. The court found probable cause for the arrest and ruled that all the testimonial and physical evidence was admissible. The court found no "show-up" because there was no testimony that police had asked the driver any questions or that they had actually brought him over to view the men.

The jury acquitted both men of the September 2, 1980 robbery, but found them guilty of conspiracy to rob the vending truck driver on November 17, and of acting in concert to possess the two guns found on them at the arrest.

## DISCUSSION

Petitioner's Fourth Amendment claim in his habeas petition, that his arrest was without probable cause and that therefore identification by the complainant at the arrest scene was tainted, was first reviewed by the state court at a pre-trial hearing. The Court has noted the trial judge's findings above. The trial court's ruling was affirmed by a New York appellate court before leave to appeal was denied by the Court of Appeals. Since petitioner can make no showing that he was precluded from a full and fair opportunity to litigate this issue in the state courts, he may not urge this ground for federal habeas corpus relief. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

It is unnecessary for this Court to determine whether Schuler ever actually raised his Fourth Amendment claims in state court in order to reach a decision. In *Gates v. Henderson*, 568 F.2d 830 (2d Cir. 1977) *(en banc)*, *cert denied*, 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978), the Second Circuit made clear that a Fourth Amendment claim may not be considered by a federal court if the state made available an *opportunity* for full and fair litigation of the claim, whether or not a petitioner avails himself of that opportunity. The Court found that the petitioner's failure to raise his Fourth Amendment claim at the trial level in state court constituted a waiver of that claim.

In *Gates,* the Court viewed *Stone v. Powell, supra,* as foreclosing federal habeas review of Fourth Amendment exclusionary rule contentions except in the rare cases where the state provided no corrective procedures at all, or there had been an "unconscionable breakdown" in state process which prevented utilization of an existing procedural remedy. *Gates, supra,* 568 F.2d at 840. Because the New York state courts afforded petitioner an opportunity to fully and fairly litigate his Fourth Amendment claim, the Court is barred from reviewing this claim on federal habeas review.

 Petitioner's second claim, that his right to due process was violated when he received more than the statutory minimum sentence, presents no cognizable federal constitutional claim. Petitioner was sentenced, as a second felony offender, to concurrent indeterminate terms of from five to ten years for weapon possession, and to a concurrent term of from two to four years for conspiracy to rob. These sentences were within the range authorized by the New York penal statute. Since the sentence is within the legal limit, its length is not grounds for relief in a federal habeas corpus review. *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948).

In accordance with the foregoing, this petition for a writ of habeas corpus is dismissed.

SO ORDERED.

